The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>BREANNE BARKLEY<br><br>Defendant. | No. 2:18-cv-01342-RAJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. # 9). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Defendant's Motion is **DENIED.** Dkt. # 9.

**I. BACKGROUND**

The following is taken from Plaintiff's Complaint (Dkt. # 1), which is assumed to be true for the purposes of this motion to dismiss, along with any declarations filed by the parties.[1] *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff Oregon

---

[1] Defendant contends that Plaintiff introduced several new arguments and submitted new evidence for the first time in support of her Reply. As a general rule, a "movant may not raise new facts or arguments in [a] reply brief." *Quinstreet, Inc. v. Ferguson*, 2008 WL 5102378, at *4 (W.D. Wash. 2008), citing *United States v. Puerta*, 982 F.2d

ORDER-1

1 Mutual Insurance Company ("Oregon Mutual" or "Plaintiff") is an Oregon-based insurance company that issued an automobile insurance policy (the "Policy") to Bruce Barkley, father of Defendant Breanna Barkley ("Defendant" or "Ms. Barkley"). Dkt. # 1 at 2, ¶ 1. The policy was negotiated and signed in Washington, where Ms. Barkley and her parents lived. Dkt. # 1 at 2, ¶ 4. In 2010, Ms. Barkley "temporarily" moved to Georgia to seek medical treatment. Dkt. # 12, Ex. C. Due to an earlier car accident in 2006, Ms. Barkley is disabled and unable to drive. Dkt. # 12, Ex. C.

In February 2011, Ms. Barkley was injured in a car accident when the car she was in was rear-ended by another vehicle, driven by Timothy McTyre. Dkt. # 1 at 3, ¶ 4. Shortly after the accident, Cynthia Barkley (Ms. Barkley's mother), called Oregon Mutual to notify them of the accident and make a claim on Ms. Barkley's behalf. Dkt. #1 at 3, ¶ 8; Dkt. # 12, Ex. B. In 2013, Ms. Barkley sued Mr. McTyre in Georgia state court (*Breanne Lee Barkley et al. v. Timothy Allen McTyre*, State Court of Cobb County, State of Georgia, Case No. 2013A335-4 (the "*McTyre* suit")). Dkt. # 9 at 2. Ms. Barkley later settled with Mr. McTyre and other insurance carriers in connection with the *McTyre* suit. Dkt. # 9 at 2. Oregon Mutual alleges that Ms. Barkley failed to notify it of the settlement, impairing its ability to recover through subrogation against third parties. Dkt. # 1 at 3, ¶ 6.

Oregon Mutual now sues, requesting a declaratory judgment that it has no duty to defend, indemnify, or pay insurance benefits with respect to any injuries suffered by Ms. Barkley in the underlying *McTyre* suit. Dkt. # 1. Ms. Barkley moves to dismiss Oregon Mutual's complaint for lack of personal jurisdiction and improper venue. Dkt. # 9.

---

1297, 1300 n. 1 (9th Cir. 1992). The Court will grant Defendant's request through its surreply to strike any arguments and exhibits raised by Plaintiff for the first time in her Reply.

ORDER-2

## II. DISCUSSION

### A. <u>Personal Jurisdiction</u>

In a case like this one, where no federal statute governs personal jurisdiction, the court's jurisdictional analysis starts with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute (RCW § 4.28.185) extends personal jurisdiction to the broadest reach that the Due Process Clause of the federal Constitution permits. *Shute v. Carnival Cruise Lines,* 113 Wash. 2d 763, 771 (1989). Plaintiff has the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "It is well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a *prima facie* case of jurisdiction." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993). In determining whether Plaintiff has met this burden, any "uncontroverted allegations" in Plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996), *supplemented*, 95 F.3d 1156 (9th Cir. 1996) (internal citations omitted).

There are two types of personal jurisdiction: general and specific. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A defendant with "substantial" or "continuous and systematic" contacts with the forum state is subject to general jurisdiction, and can be haled into court on any action, even one unrelated to its contacts in the state. *Bancroft & Masters*, 223 F.3d at 1086. A defendant not subject to general jurisdiction may be subject to specific jurisdiction if the suit against it arises from its contacts with the forum state. *Id.* Plaintiff does not assert that Defendant is subject to general jurisdiction, so the Court will only consider whether the Defendant is subject to specific jurisdiction.

ORDER-3

The Court applies a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate: (1) the defendant has either purposefully directed his activities toward the forum or purposely availed himself of the privileges of conducting activities in the forum, (2) the plaintiff's claims arise out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden then shifts to defendant to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### 1. *Purposeful Availment*

Purposeful availment and purposeful direction are "two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. In the Ninth Circuit, tort cases typically require a purposeful direction analysis, while contract cases typically require a purposeful availment analysis. *Washington Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 672–73 (9th Cir. 2012). Here, Plaintiff's claims are based in contract, so the Court will apply the purposeful availment test. "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. By taking such actions, a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, in return for the "benefits and protections" of the forum state, the defendant must "submit to the burdens of litigation in that forum." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476). The court must look to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to

ORDER-4

determine if the defendant's contacts are "substantial" and not merely "random, fortuitous, or attenuated." *Sher v. Johnson*, 911 F.2d 1357, 1362 (quoting *Burger King*, 471 U.S. at 478 (internal quotations omitted)).

Ms. Barkley contends that she does not have sufficient minimum contacts with Washington because she is currently a resident of Georgia and the accident giving rise to her claim under the Policy occurred in Georgia. Dkt. # 9 at 4. Ms. Barkley also notes that she is not a signatory to the Policy and thus was not in "privity" of the contract. Dkt. # 9 at 4. The Court is unpersuaded.

At its core, Oregon Mutual's claim is based on an insurance policy that was negotiated and signed in the state of Washington, while Ms. Barkley and her parents were residents of Washington. Dkt. # 11 at 8. This is a contract dispute related to a contract that was executed in Washington, not a tort dispute arising from Ms. Barkley's accident in Georgia. Moreover, Ms. Barkley admits that at the time the policy was issued and later when the claim was filed, she was a "resident" of her parents' household in Washington – this is the basis for her claim to coverage under the Policy. Dkt. # 12, Ex. C. Ms. Barkley cannot have her cake and eat it too. By submitting a claim for coverage under the Policy and identifying herself as a "resident" of her parents' household in Washington, Ms. Barkley purposefully availed herself of the benefits and laws of this state.

To the extent that Ms. Barkley attempts to distance herself from the relevant conduct in Washington by arguing that she was not a party to the contract, this too falls short. Dkt. # 9 at 4. The claim for coverage was submitted on Ms. Barkley's behalf, with the expectation that she would reap the benefits of an insurance policy that was issued in Washington and is purportedly governed by Washington law. Dkt. # 11 at 8. To hold that Ms. Barkley is not subject to personal jurisdiction solely because she did not directly submit the claim would be absurd.

ORDER-5

Ms. Barkley's connections with Washington are neither attenuated nor random. The fact that she is *now* a resident of Georgia does not alter the minimum contacts analysis. *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (holding minimum contacts arise at the time of the events underlying the dispute). She has purposefully availed herself of the "benefits and protections" of Washington and cannot now claim it is unreasonable to be haled into court here. The Court finds that Plaintiff has established a *prima facie* case that Ms. Barkley purposefully availed herself of Washington.

### 2. *Arising Out Of*

The Ninth Circuit has adopted a "but for" analysis to determine whether the claims at issue arose from a defendant's forum-related conduct. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). "[T]he plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* Here, Oregon Mutual alleges that Ms. Barkley failed to notify it of the *McTyre* suit settlement in a timely matter, as required under the Policy, impairing Oregon Mutual's ability to recover any payment made under the Policy through subrogation against third parties. Dkt. #1. Under the "but for" analysis, the Court finds that Plaintiff has alleged sufficient facts to show that Oregon Mutual would not have suffered the alleged injury "but for" Ms. Barkley submitting a claim for coverage under the Policy and failing to notify Oregon Mutual of the *McTyre* settlement.

### 3. *Exercise of Jurisdiction is Reasonable*

As Oregon Mutual has satisfied the first two prongs required to establish specific jurisdiction, the burden shifts to Ms. Barkley to make a "compelling case" that exercise of jurisdiction is not reasonable. *Schwarzenegger*, 374 F.3d at 802. There are seven factors a court must consider when determining whether exercise of jurisdiction is reasonable: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent

ORDER-6

of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

Ms. Barkley advances no argument regarding this aspect of the specific jurisdiction analysis in her Motion to Dismiss beyond noting that Washington has no "special interest in adjudicating a dispute between a foreign corporation plaintiff and a Georgia resident over a cause of action that arose in Georgia." Dkt. # 9 at 3. While Ms. Barkley makes other arguments regarding why the exercise of jurisdiction would be unreasonable in her Reply, "a movant may not raise new facts or arguments in [a] reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992). As a result, Ms. Barkley's new arguments will not be considered for the purposes of evaluating whether she is subject to specific jurisdiction.

Ms. Barkley has not shown that it is unreasonable to subject her to suit in Washington. Her interjection into Washington was deliberate and created continuing obligations to Oregon Mutual. Regarding any potential burden on Ms. Barkley or out of state witnesses, the court must keep in mind that "[w]ith the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004). Although Georgia's courts would provide an adequate alternative forum, there is no suggestion that Georgia has a sovereign interest in this dispute that outweighs Washington's "manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King,* 471 U.S. at 473 (internal citation and quotation omitted). There is no suggestion that resolving this dispute in Washington is inefficient.

ORDER-7

The Court finds that Ms. Barkley falls short of establishing a "compelling" case that the Court's exercise of personal jurisdiction would be unreasonable. Accordingly, the Court DENIES Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

### B. Venue

Ms. Barkley also contends that venue is improper under 28 U.S.C. § 1391(b) and asks that the Court dismiss or transfer this case pursuant to 28 U.S.C. § 1406(a). Dkt. # 9 at 5. Venue is proper here for this declaratory judgment action because a substantial part of the events giving rise to the insurance coverage dispute—including the negotiation, payment and issuance of the policy—occurred in Washington. *See* 28 U.S.C. § 1391(a)(2). Accordingly, Ms. Barkley's Motion to Dismiss for Improper Venue is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

DATED this 19th day of August, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER-8